## IN THE UNITED STATES DISTRICT COURT FOR
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEREK BEASLEY, individually**<br>**and on behalf of a class of others**<br>**similarly situated,** | ) ) ) | **CLASS ACTION COMPLAINT** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 12-00455** |
| | ) | |
| **COUCH, CONVILLE & BLITT, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### COMPLAINT

COMES NOW the Plaintiff, Derek Beasley (hereafter the "Plaintiff") by counsel, and asserts his claims against the above named Defendant as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 because the complaint contains claims that arise under the laws of the United States.

2.      Venue is proper here because the defendant's Alabama office is located in Birmingham, Alabama.

### PRELIMINARY STATEMENT

3.      This is an action for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to recover damages by reason of the Defendant's violations of the FDCPA.

## PARTIES

5.      Plaintiff is a natural person and adult resident of Baldwin County, Alabama.  He is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant Couch, Conville, & Blitt, LLC (hereinafter referred to as "CCB" or "defendant"), is a Louisiana corporation, with its principal place of business in New Orleans, Louisiana. CCB does business in this district and has an office located in Birmingham, Alabama. For all relevant times, CCB was engaged in business within the State of Alabama, including the collection of debts and is regularly engaged in the practice of debt collection.

7.      CCB sends collection letters and places collection calls as a regular part of its business.

8.      The mails and interstate wire communications are used to conduct the business of CCB.

9.      CCB is a debt collector as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10.      Prior to the events complained of herein Plaintiff, a victim of identity theft, had numerous fraudulent accounts opened in his name and, as a result, began to receive harassment from debt collectors, including the one at issue, regarding accounts that he had never heard of and that he had never opened.

11.       Several of these fraudulent accounts were also reported to credit bureaus harming the plaintiff's credit rating.

2

12.     On or about November 21, 2011, Plaintiff received an initial communication (Exhibit A hereto) from the Defendant, regarding a debt allegedly assigned to "Asset Acceptance" in the amount of $13,976.06.

13.     Contained in the communication and in bold print was the following language:

> Unless you notify us within 30 days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid.  If you notify us of a dispute, in writing, we will obtain verification of the debt and mail it to you.  Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor.

16.     Since the account was not his is and realizing it was most likely a result of the identity theft, Mr. Beasley, on November 28, 2011, sent a letter to CCB, by certified mail, disputing the debt and requesting validation of it. A copy of that letter is attached hereto as Exhibit B.

17.     Mr. Beasley's dispute letter was, according to the U.S. Postal Service, delivered on November 30, 2011. (See Ex. B p. 3).

18.     The FDCPA requires debt collectors to cease collection activity if a consumer disputes the debt in writing within 30 days of the initial communication. See 15 U.S.C § 1692g(b) which says in pertinent part:

**(b) Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

19.     Furthermore, later in the same paragraph, 15 U.S.C § 1692g(b) states:

> Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. <u>Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.</u> (Emphasis added).

20.     On December 7, 2011, Plaintiff received a Summons and Complaint that was filed against him by CCB in the Circuit Court of Baldwin County, Alabama. (Exhibit C).

21.     The Attached to the complaint and served with it was a set requests for admissions (attached as Exhibit, D)  that stated:

> 1.     Please admit that the Plaintiff is the assignee of and/or originator of an account in your name.
>
> 2.     Please admit that the amount set forth in the plaintiff's complaint is correct.

22.     These statements are inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

23.     Furthermore, the requests for admission did not include an explanation that, under Alabama Rules of Civil Procedure, 36, "[t]he matter is admitted unless, within thirty (30) days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of forty-five (45) days after service of the summons and complaint upon that defendant." ARCP Rule 36(a).

24.     The Plaintiff never received a response to his verification request or dispute letter prior to the filing of the lawsuit by CCB.

25.     Plaintiff filed an Answer to the state court suit on February 16, 2012, denying the allegations.

## COUNT I
### (FDCPA Violation)

26.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

27.     This is a claim asserted against CCB for violations of the Fair Debt Collection Practices Act ("FDCPA").

28.     Defendant CCB is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

29.     Defendant violated the FDCPA while participating in collection activities which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

30.      Defendant violated 15 U.S.C. § 1692g(b) by failing to cease collection activities prior to providing verification of the alleged debt, after Plaintiff notified Defendant in writing, within the applicable 30 day period, that the debt was disputed.

31.     The defendant has also violated 15 U.S.C. § 1692e and 1692f by serving with the complaint requests for admissions that contravene Plaintiff's right under the FDCPA.

32.     Defendant was acting in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

33.      CCB's harassing and deceptive conduct is also in violation of 15 U.S.C. §§

5

1692e and1692f.

34.     As a result of its violations of the FDCPA, CCB is liable to Plaintiff for statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.     Statutory damages pursuant to 15 U.S.C. § 1692k;

B.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

C.     Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT II
## (CLASS ACTION ALLEGATIONS)

33.     Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

34.     Plaintiff prays that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

35.     Plaintiff brings this action on behalf of himself and all members of a class defined as all persons who:

a.     Within a period beginning one year prior to the filing of this complaint through the date of the certification of a class herein;

b.     The defendant filed and served a debt collection suit, covered by the FDCPA, and contemporaneously served the same or substantially similar

6

Requests for Admissions, as those shown in Exhibit D.

36.     Plaintiff also seeks certification of a subclass defined as follows:

      a.     All persons who;

      b.     Within a period beginning one year prior to the filing of this complaint through the date of the certification of a class herein;

      c.     Received a debt collection communication from the defendant that was the "initial communication," as that term is used in 15 U.S.C. § 1692g(a); and

      d.     Requested validation of, or disputed the debt at issue within 30 days of receipt of the communication; and

      e.     The defendant never provided the requested validation, as required, and/or continued collection activity before providing verification of the debt as that term is used in 15 U.S.C. § 1692g.

37.      Plaintiff avers that the class and subclass are so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Plaintiff further avers that their claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers that in a representative capacity he will fairly and adequately protect the interest of the class.

38.     Each class member has, or has been subjected to collection activity in violation of the FDCPA.

39.     Names and addresses of class members are presently unknown to plaintiff, but can be readily ascertained from the defendant's business records.

40.     Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

      a.     Whether the Defendant violated the FDCPA by filing a lawsuit in state court prior to providing the information requested by the Plaintiff in response to Defendant's initial correspondence letter within the 30 day applicable time period.

      b.     Whether the serving of the Request for Admissions, as stated above, constitutes a deceptive or unfair practice.

      c.     What is the appropriate remedy for CCB's violation of the FDCPA.

41.     Proof of common facts and legal doctrines by the representative plaintiff will determine the claims of each member of the class.

42.     This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

43.     The named representative's claims are typical and representative of the class and sub-class claims.

44.     It is and was the practice of CCB to attempt debt collection that was in violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiff prays that this court will certify this as a class action, and award the members of the class and any sub-class described herein the remedies provided for in 15 U.S.C. § 1692k.

                                        **/s/ Earl P. Underwood, Jr.**
                                        **Earl P. Underwood, Jr.  (UNDEE6591)**
                                        **James D. Patterson (PATTJ6485)**

**Ken J. Riemer**
**Underwood & Riemer, P.C.**
**166 Government Street, Suite 100**
**Mobile, AL 36602**
**Telephone: 251-432-9212**
**Facsimile: 251-433-7172**
**Email:** epunderwood@alalaw.com

Plaintiff demands a trial by jury in this matter.

**/s/ Earl P. Underwood, Jr.**

**Please serve the Defendant at:**

Couch, Conville & Blitt, LLC
c/o Harry Yates
2820 COLUMBIANA RD STE 210
BIRMINGHAM, AL 35216